John T. Casey, J.
This is an article 78 proceeding in which the petitioner seeks to review and annul an assessment levied upon it by the respondent, pursuant to sections 15 (subd. 8, par. [h]); 25-a (subd. 3), and 151 (subd. 2) of the Workmen’s Compensation Law. The petitioner contends that to require *325 it to include within its ‘ ‘ total compensation ’ ’ the amounts paid as ‘ ‘ apportionment payments ’ ’ to other carriers results in an overassessment against it and inequitably assesses the petitioner more and other carriers less than their respective fair shares, in violation of section 44 of the Workmen’s Compensation Law. The petitioner maintains that since the carriers who ‘ ‘ receive ’ ’ apportionment payments cannot, according to present law, (Matter of Insurance Co. of No. America v. Senior, 21 N Y 2d 761) deduct them from their total compensation payments, any amounts ‘ ‘ paid ’ ’ by the petitioner as apportionment payments to these carriers should not be included in its report of total compensation, and that to hold otherwise results in double assessment by the respondent on the same moneys in excess of the amount actually paid to the claimants.
In the instant case, the petitioner from time to time made apportionment payments to “ last employers ”. To the “ last employer” such payments are regarded as “recoupment payments ’ ’ and these ‘ ‘ recoupments ’ ’ have been held, in Insurance Co. of No. America v. Senior (supra) not to be deductible from total compensation payments by the carrier who received them.
By way of explanation and in respect to occupational diseases, the Workmen’s Compensation Law provides in pertinent part: ‘ ‘ The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If, however, such disease, except * * * was contracted while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation as provided by this section, may appeal to the board for an apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due. Such apportionment shall be apportioned to the time such employee was employed in the service of such employers, and shall be determined only after a hearing ”. (Workmen’s Compensation Law, § 44.)
Section 15 (subd. 8, par. [h]) of the Workmen’s Compensation Law provides that the compensation of the assessment for the Disability Fund (from which the claimants under occupational diseases are paid and to which the paying carriers are required to contribute) is based on “ total compensation paid ”. The single question, therefore, is whether said ‘ ‘ apportionment payments ” which have been made by the petitioner to other *326 carriers must be included in its report of ‘ ‘ total compensation paid” on which its assessment is based (as the respondent urges) or whether such “ apportionment payments ” can be deducted from the “ total compensation paid ” (as the petitioner claims).
These same parties were before, and the same issues were presented to, the Appellate Division (Matter of Mason & Hanger-Silas Mason Co. v. Senior, 27 A D 2d 30, and hereinafter called Mason). The instant proceeding is based simply on two apportionment payments which the petitioner made to other carriers since the date of that decision and which it included in its report of ‘ ‘ total compensation payments ’ ’ but which it paid under protest. In its decision in Mason the Appellate Division held expressly that “ apportionment payments ” were includable in “ total compensation payments ”. The petitioner recognizes this but asks this court to overlook that decision, claiming that this holding hinged on a determination made by the Appellate Division in a companion case, (Matter of Insurance Co. of No. Amer. v. Senior, 27 A D 2d 24, and hereinafter called North America) which was later reversed by the Court .of Appeals, (21 N. Y. 2d 761, supra) and which reversal, the petitioner argues, swept away also the holding of Mason (supra).
North America (supra) involved a proceeding by an insurance carrier to set aside an assessment as erroneous. The carrier was a carrier for “last employers ”. It claimed that the assessments levied upon it were erroneous because the Chairman of the Workmen’s Compensation Board refused to allow the carrier a deduction of the amount of recoupment payments, from the amount of total compensation payments, as a basis for the computation of the assessment. 'The Appellate Division, with Mr. Justice Herlihy dissenting, held that such a deduction should have been allowed. The majority, in support of its opinion, set forth the following example: “ From the statute itself it seems almost self-evident that, if a claimant [employee] was paid $100 by carrier A and carrier B reimbursed A in the amount of $90, the statute was not intended to require the payment of an assessment on the total sum of $190.” (North America, 27 A D 2d 24, 27, supra).
The dissent, however, stated that in enacting the statute “ The Legislature, in its wisdom, made no provision for deduction of apportionment payments under the statute and this court should not write such a provision into the law.” (Id., p. 30.)
*327 On appeal to the Court of Appeals, the court, in a 4-3 decision (21 N Y 2d 761, supra) reversed, on the dissent of Mr. Justice Herlihy, accordingly determining that recoupment payments cannot be deducted from total compensation payments.
Mason, the companion case to North America, and in which this very petitioner was also the petitioner, was not appealed. Its holding that apportionment payments cannot be deducted by the payor-carrier remains the law (27 A D 2d 30). In reaching its decision in Mason the Appellate Division noted that: 11 By reason of [its] decision in [North America] the assessments here were properly based on the total compensation payments made by the appellant during the year involved including the apportionment payments made by it pursuant to section 44 of the Workmen’s Compensation Law”. (Id., pp. 31-32.) Mr. Justice Herlihy concurred in the result.
In this proceeding the petitioner argues that the law as it presently stands gives the respondent the benefit of the apportionment payment twice. Using the example of the Appellate Division, if a claimant is paid $100 by carrier A, and carrier B reimbursed A in the amount of $90, carrier A must report $100 as compensation payments and carrier B must report the $90 paid to carrier A. Thus, the total compensation payments from both carriers for the purpose of computing assessments is $190, although the total compensation paid to the claimant was only $100. Petitioner contends that the base from which assessments are computed should not be more than the amount paid to a claimant, or, in the example, $100, and that to prevent inequity, inasmuch as carrier A is not allowed to deduct the $90 it received as recoupment from B from the $100 it paid to the claimant, thus reporting on the payment of $100, carrier B should be permitted to deduct from its total compensation payment the $90 it paid A. Thus, the total compensation payments would be $100 or equal to the compensation paid to the claimant. Inasmuch as the decision of the Court of Appeals now requires A to report $100 as compensation payments, petitioner contends, the Appellate Division, in order to keep the “ total compensation payments ” equal to the compensation paid to a claimant, should change its holding in Mason and not allow the respondent to consider apportionment payments (those made by carrier B in the example) as includable within total compensation payments, for the purpose of computing the assessment.
As the result of the reversal of North America in the Court of Appeals (supra), and no appeal having been taken by this *328 petitioner from the determination in Mason (supra), it is true that the law presently requires ‘ ‘ apportionment payments ’ ’ to be included within ‘ ‘ total compensation payments ’ ’ on the report of the payor-carrier, and that the same amount, received as recoupment by the payee-carrier, must also be included, since it cannot be deducted from its report of total compensation on the authority of North America, (21 N Y 2d 761, supra), and thus the assessment, coming as it does from both sources, exceeds the amount actually paid to the claimant; but this does not mean necessarily that the petitioner, who appears here in the role of a payor-carrier only, has suffered any injustice or inequity. The petitioner must make apportionment payments because it employed such employee in the employment to which the nature of the disease was due, and, thus, must bear its share of the compensation paid to the claimant. In the example, petitioner’s fair share as carrier B was $90. Under the decision in Mason, petitioner must include that amount in its total compensation payments. Thus, it appears that the petitioner is reporting as total compensation payments its fair share of the compensation paid to a claimant. In the example, however, it is carrier A who is reporting the total of $100 paid without any deduction for its recoupment of $90, so that its reported payment is $100 but its actual payment is only $10.
In light of the above, there appears to be no inequity as far as the petitioner as a “ payor ” carrier is concerned. Petitioner should not be allowed to take advantage of an over-reporting by the “last employer ” (carrier A) even if such payment be considered an over-reporting. The reversal of the Appellate Division by the Court of Appeals in North America (supra) affected the “ last employer ” carrier only, and in the opinion in Mason (supra) the Appellate Division did not disallow the deduction of apportionment payments solely because it allowed a deduction of recoupment payments. The petitioner, as the very party involved and affected by the very issues determined by the Appellate Division in Mason, should now be bound by that determination, since the petitioner did not elect to appeal such determination at the time it was made.
As it stands the opinion in Mason is determinative of the issue presented in this proceeding. If there is an inequity as a result of the rules laid down in North America and Mason (supra), the answer lies with the Legislature and not the courts.
The assessment provisions as administered by the respondent are neither unfair nor inequitable to this petitioner and the petition is, therefore, dismissed.